## CUMMINS vs. WEBB.

Where the return of the officer upon an execution shows no legal disposition of the property levied upon under its authority, the law presumes the property to be in his custody, and of sufficient value to satisfy the execution; and so long as the execution and levy remain, and are not suspended, or otherwise legally avoided, the plaintiff can only look to the officer and the property for satisfaction, though the execution be irregular, but not void.

When an officer omits, neglects, or refuses to sell property levied upon, according to law, the creditor may have a *venditioni exponas*, to compel him to sell, or forfeit issues to the amount of the demand.

An entry made in the margin of a record of a judgment, by a clerk, at a term subsequent to the entry of the judgment, stating that the plaintiff appeared in open court, and acknowledged satisfaction of the judgment, but not signed or attested by the clerk, or any other person, is no valid entry of satisfaction, under the statute.

The property in the officer's hands, under the levy, may be sold to satisfy the execution, though the plaintiff may have another adequate legal remedy. The law will not compel him to abandon his execution because the levy under it is inoperative, and to commence a new action to attain the same end.

The law affords defendants ample redress against a plaintiff who makes any unlawful use of its process of execution.

On application for mandamus.

On a petition and exhibits then filed, Cummins, at the last term of this Court, moved the Court for a writ of mandamus to the Clerk of the Circuit Court of Chicot county, commanding him to issue a writ of *venditioni exponas*, directed to the sheriff of said county, requiring him to sell certain slaves, seized by him to satisfy an execution in favor of the petitioner, against Albert W. Webb, which remain in his hands unsold. The petition, which was sworn to, and the exhibits referred to in, and filed with, it, show the same facts exhibited by the petitioner, on his application for a mandamus to the Chicot Circuit Court, previ-

ously presented, and disposed of at the present term of this Court, (*ante p.* 103), together with the additional fact, that the petitioner had applied to the Clerk to issue such execution, and he had positively refused to do it, because, as he stated, there appeared on the margin of the record of the judgment, the following entry: "January term, 1841, 6th day, January 9th, 1841. This day appeared, in open Court, the plaintiff in this cause, and acknowledged full satisfaction of this judgment;" which entry was made in open Court, in the Clerk's hand-writing, by the direction of A. Pike, Esq.; and that, by it, the judgment appears to have been fully satisfied; and, so long as it remains upon the record, he must refuse to issue any execution in the case: and also, because the Circuit Court, at the last term thereof, refused, after an investigation into the case, to order execution to issue, or to make any order to the sheriff to sell the property levied on under the alias execution, issued prior to January term, 1841.

*W. & E. Cummins*, for the relator.

*Trapnall* and *Cocke*, contra.

The entry of satisfaction shows enough to justify the Clerk in his refusal to issue execution; and, until it is set aside by the Chicot Circuit Court, in a proceeding impeaching, not its form, but its substance, it must ever bar the plaintiff from proceeding upon the judgment by execution.

The plaintiff's motion to set aside the entry was overruled; upon what ground, does not appear. We claim the ordinary presumption indulged invariably in favor of the correctness of all judgments rendered by a court of competent jurisdiction, in support of this judgment of the Court.

Execution issued upon the original judgment, and was levied, and a delivery bond taken, and returned forfeited. By law, the sheriff is directed to levy the execution upon an amount of property sufficient to satisfy the judgment; and, when levy is made, it will be presumed to have been made upon property of sufficient value to pay the debt and costs; and, therefore, after an execution has been levied upon property, no new execution can issue upon the original judgment, until

Cummins *vs.* Webb.

the levy has been disposed of. *Hopkins vs. Chambers,* 7 *Monroe,* 262. *Mariney vs. Andrews, Cro. Eliz.* 237. *Morrow vs. Hart's Adm.,* 1 *Marshall,* 292.

It is not for this Court to determine upon the correctness of the entry of satisfaction, but that is a question exclusively belonging to the cognizance and decision of the Circuit Court. So long as the record remains unchanged, it must be conclusive in this Court, as to its own verity and decision against the petition.

Admitting the right, has the petitioner shown that entire want of an adequate legal remedy that, according to the general principles and authorities, authorizes the emission of this writ? He has had a levy made by his execution, and a delivery bond taken, with competent personal security. This levy and bond are in satisfaction of the judgment, and upon the bond he is to proceed for the recovery of his money, either by motion, according to the 40th and 41st sections of the statute of execution, at the return term of the execution, or upon the bond, by an ordinary action at law. The right to the motion is barred by lapse of time, but the right of action upon the bond is in full force, and such action would, unquestionably, bring in question the correctness of this record as to the satisfaction of the judgment, and enable the plaintiff to set it aside, if incorrectly or fraudulently made. This is a plain and ample remedy, and expressly given by law, and therefore there does not exist any legal necessity for resorting to so unusual and imperative a proceeding as a writ of mandamus. *Smith vs. Carr, Hardin* 303. *Payne vs. Mattox,* 1 *Bibb,* 164. *Chitty & McClain vs. Glenn,* 3 *Monroe,* 424.

*By the Court,* RINGO, C. J.

The return of the officer to the alias execution, shows conclusively, so far at least as it concerns himself or the parties to the execution, that he had seized thereon certain slaves, the property of the defendant, Webb, which were not sold prior to the return day of said writ, by order of said plaintiff; and, as he has not shown any legal disposition of said property, nor its value, the law presumes it to be still in his custody, and of sufficient value to satisfy the execution; and, so long as the execution and levy thereon remain, and are neither suspended nor

set aside, nor otherwise legally suspended, stayed, or avoided, the judgment upon which the execution issued, must be considered as satisfied, and the plaintiff can only look to the officer and the property seized, to satisfy or pay him the money to which he is entitled, by virtue of the judgment, however irregularly the execution may have issued, provided it be not void; because neither the plaintiff nor the officer can avoid it for that cause; and the officer may well justify any act legally done by him by virtue of its authority; and therefore his duty is the same, so long as the process is not avoided by the defendant. Now, this alias execution cannot, in our opinion, be regarded as a void process, and therefore the plaintiff's right to have the property, taken by virtue of its authority, sold to satisfy it, cannot be questioned, if it is not concluded by some other fact appearing in the case. The property was not sold when, by law, the sheriff was bound to expose it to sale, because, as the sheriff states in his return, the plaintiff ordered him not to sell it; but his order extended no further; and, therefore, as nothing appears to the contrary, we are bound to presume that the property still remains in the custody of the sheriff, to satisfy the execution; and, as no conflicting claim to it is shown, we consider the law as holding it to satisfy this particular debt, and his legal right to have satisfaction thereof, from the sale of it, as complete, if the debt has not been otherwise satisfied to the plaintiff, nor the judgment legally discharged.

But it is urged, in opposition to the present application, that the entry of satisfaction on the margin of the record of the judgment, although not made in conformity with the statutory provisions on the subject, is, nevertheless, sufficient to justify the clerk in his refusal to issue the execution on the demand of the petitioner, and must constitute a bar to his right to any execution in the case, until it is set aside by the Circuit Court: and it is said, also, that the Circuit Court overruled the motion of the petitioner to vacate the entry, or set it aside, upon a full hearing and consideration of the facts, and that his right to any execution is barred thereby, so long as that decision stands unreversed, and that this Court has no power to annul the latter nor vacate the former upon this application. To the last proposition we readily accede; but it appears, from the transcript of the record exhibited

Cummins *vs.* Webb.

with the petition, that the motion to vacate or set aside said entry on the margin of the record, purporting to be an entry of satisfaction of said judgment, has never been adjudicated by the Court, but remains upon the record, in nowise overruled or finally disposed of. And it has already been decided in this Court, upon the application of the petitioner for a mandamus to the Circuit Court, that the motion of the petitioner, in that Court, was not for a writ of execution of any character whatever, but simply for an order to the sheriff to sell the property levied on under said alias execution, on five days' notice; and, although that motion was correctly overruled, the decision upon it surely cannot affect his right to a writ of execution to coerce a sale of the property seized to satisfy the execution, at the time, in the manner, and upon the notice required by law; for, although the property could not legally be sold by him, on five days' notice, he could lawfully sell it on the first day of the succeeding or any subsequent term of the Circuit Court, upon twenty days' previous notice thereof, legally given; and this the law binds him to do, if the execution be not otherwise satisfied, or he, in some other manner, legally discharged from the performance of such duty. And where an officer, whose duty it is to sell property seized to satisfy an execution, either omits, neglects, or refuses to make sale thereof, according to law, the rule is understood to be well settled, that the creditor, whose debt or demand the property was seized to satisfy, may have a writ of *venditioni exponas*, to compel the officer to discharge his duty, and coerce him to sell the property, or forfeit issues to the amount of the demand. That such is the general rule upon the subject, and such the regular legal course and order of proceeding in such cases, we think there can be no question; nor do we consider the right of the petitioner to proceed in this manner, in the least affected by the entry on the margin of the record of the judgment, because it is not an entry of such a character as to have in itself any legal operation whatever. It cannot be regarded as a matter of record, or parcel of the record of the Court in the case, because it appears affirmatively to have been made at a time long subsequent to the term in which the judgment was given, and, although made in open Court, is not entered with the proceedings of the Court at the term when it was entered, and therefore is destitute of the judicial sanction

of the Court, and entirely divested of the sanctity and verity which the law, from considerations of public policy, attaches to judicial acts and judicial records. Nor can it be regarded as legal evidence of a satisfaction of the judgment; but it does not, in some respects most essential to its validity as the legal evidence of a satisfaction, as prescribed by the statute, conform to the provisions of the statute. Thus, it is especially variant from the statutory provisions on the subject, in not being signed by the plaintiff in the judgment, nor by the person by whom the acknowledgment was made, nor attested by the Clerk, and it is therefore legally inoperative; at least it cannot, in itself, have the effect of discharging the judgment. *Rev. St.*, *Chap.* 84, *sec.* 22, 24.

It is also urged against the present application, that the petitioner has another adequate legal remedy, by which he may obtain satisfaction of his demand: that is, by proceeding on the delivery bond taken after the levy made upon the original execution; and therefore he is not entitled to the writ now applied for. Whether he has now any remedy upon that delivery bond, or not, is a question which we do not consider ourselves called upon to determine, because its decision, either way, could not, as we apprehend, in any manner affect his legal right to have the property, seized upon the alias execution, and remaining in the officer's custody by virtue of the levy made under it, sold to satisfy said execution, which, from the facts shown, appears to remain unsatisfied; for the law surely would not, while this execution, and the judgment under it, are operative, compel him to relinquish and abandon his remedy, already so nearly prosecuted to a satisfaction, not only of the judgment, as it regards the defendant, but also of the execution and demand itself, to the plaintiff, by his actually receiving the amount thereof, and, at this stage of the proceeding, commence and prosecute a new action, for the purpose of accomplishing the same object.

The law, in our opinion, imposes no such hardship and injustice upon judgment creditors; but, in cases situated as this is, invests them with a legal right to complete the execution by coercing a sale of the property seized, and thereby obtaining a satisfaction of the execution, and, ultimately, payment of the demand. By this course of proceeding, a multiplicity of suits, which the law is said to abhor, is avoided, and the

rights of each party preserved: besides, the law affords to defendants ample remedy and redress against any plaintiff who shall make, or attempt to make, any unlawful use of its process of execution.

We have, therefore, after a careful and attentive consideration of the whole subject, come to the conclusion that the petitioner has a legal right, under the circumstances of the case, as shown by his petition and exhibits, to a writ of *venditioni exponas*, to coerce a sale of the property, seized as the property of the defendant, by virtue of his alias execution, which appears to remain in the custody of the sheriff of Chicot county, unsold, and that he has no other adequate legal remedy to enforce the sale, or obtain satisfaction of his said judgment, execution, and demand. And, although the propriety of resorting to this Court to compel the ministerial officers of courts of inferior jurisdiction to perform their duties, may well be questioned, yet, as this Court is expressly invested with jurisdiction over such cases, when they are properly presented, we do not consider ourselves at liberty to decline its exercise.

Peremptory mandamus awarded.